**Dennis W. Percell**, OSB No. 75297
ARNOLD GALLAGHER PERCELL
ROBERTS & POTTER, PC
800 Willamette Street, Suite 800
Eugene, Oregon 97401-2996
Telephone: (541) 484-0188
Facsimile: (541) 484-0536
Email: dpercell@agsprp.com
        *Of Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| EMERGING ACQUISITIONS, LLC, AN OREGON LIMITED LIABILITY COMPANY, DBA BULK HANDLING SYSTEMS, <br><br> PLAINTIFF, <br><br> VS. <br><br> HSBC BANK CANADA, A CANADIAN CHARTERED BANK AND CANADIAN CORPORATION, <br><br> DEFENDANT. | CASE NO. <br><br> **COMPLAINT - Breach of Contract and Fraud** <br><br><br> Jury Trial Requested |

<u>INTRODUCTION</u>

1.

This case is being brought because the Defendant, HSBC Bank Canada ("HSBC"), has joined its customer in a fraudulent and wrongful scheme to damage the Plaintiff, Eugene-based Bulk Handling Systems ("BHS"). HSBC has taken these extraordinary actions which include fraud, breaches of contract, and breaches of the implied duty of good faith and fair dealing, because HSBC has decided that its own economic interests are better served by ignoring its legal obligations to BHS and instead joining forces with its customer in an improper scheme to damage BHS (and thereby making money off of that customer).

ARNOLD
GALLAGHER
PERCELL
ROBERTS &
POTTER

A PROFESSIONAL
CORPORATION

800 Willamette
Suite 800
P.O. Box 1758
Eugene, Oregon
97440-1758

541/484-0188

**COMPLAINT - 1**

PARTIES

2.

BHS is a limited liability company organized and existing under the laws of Oregon with its principal place of business at 1040 Arrowsmith, Eugene, Oregon 97402. BHS is a global leader in the design, manufacturing and installation of material sorting and handling systems for the solid waste and recycling industries. BHS is internationally recognized as a leader for over 30 years in the design, manufacture, and installation of high-quality systems. BHS is known for its high standards of innovation, quality, and customer service.

3.

Upon information and belief, Defendant HSBC is a Canadian chartered bank and a corporation organized under the laws of Canada, with its principal offices at 1500-888 Dunsmuir Street, Vancouver, British Columbia, Canada V6C 3K4. HSBC is subject to personal jurisdiction in this district. HSBC is a subsidiary of HSBC Holdings PLC.

JURISDICTION AND VENUE

4.

This Court has original jurisdiction to hear this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000, and this controversy is between the citizen of one state and the citizen of a foreign country.

5.

Venue of this action is properly laid in this district pursuant to 28 U.S.C. §§ 1391(a), (c), and (d).

GENERAL ALLEGATIONS

6.

BHS and HSBC are parties to a Bill of Sale that was executed by BHS on September 17, 2008, and by HSBC on September 26, 2008 (the "Bill of Sale"). The Bill of Sale is a valid

ARNOLD
GALLAGHER
PERCELL
ROBERTS &
POTTER

A PROFESSIONAL
CORPORATION

800 Willamette
Suite 800
P.O. Box 1758
Eugene, Oregon
97440-1758

541/484-0188

and binding contract between BHS and HSBC.

7.

Pursuant to the Bill of Sale, HSBC is obligated to pay outstanding and unpaid balances owed to BHS pursuant to an Order Confirmation dated December 9, 2007 ("Order Confirmation"), between BHS and Halton Recycling Company ("Halton"). Pursuant to the Order Confirmation, BHS agreed to manufacture and install a single-stream waste processing system in a Halton factory. Prior to the Bill of Sale being executed, Halton had paid BHS a portion of the amount owed under the Order Confirmation.

8.

Pursuant to the Order Confirmation, unpaid invoiced amounts "bear a finance charge of one and one-half (1½%) per month, or the highest lawful rate, whichever is more, if not paid within ten (10) days of when due." The Order Confirmation also provides that, "[u]pon BUYER's breach of this agreement, BHS may accelerate notice, require a letter of credit or make shipment under reservation." The Order Confirmation also provides for the recovery of legal costs which was incorporated into the Bill of Sale as part of the payment terms. The payment obligations of the Order Confirmation are expressly governed by Oregon law. All of these provisions were incorporated into the Bill of Sale.

9.

Halton and/or its affiliates are customers of HSBC, and HSBC derives substantial revenue from the banking business of Halton and its affiliates.

10.

The Bill of Sale obligates HSBC to certain payment obligations that Halton has to BHS pursuant to the terms of the Order Confirmation. Contemporaneously with entry into the Bill of Sale, HSBC entered into separate agreements with Halton and/or affiliates of Halton to finance the amounts paid by HSBC to BHS under the Bill of Sale. Halton was not relieved of its obligations to BHS under the Order Confirmation.

ARNOLD
GALLAGHER
PERCELL
ROBERTS &
POTTER

A PROFESSIONAL
CORPORATION

800 Willamette
Suite 800
P.O. Box 1758
Eugene, Oregon
97440-1758

541/484-0188

**COMPLAINT - 3**

11.

HSBC has not made any payment pursuant to the Bill of Sale attributable to Halton. HSBC has defaulted on its payment obligations because it intentionally decided to breach its obligations to BHS and joined a scheme by Halton to frustrate BHS's legitimate payment rights.  HSBC has done so because Halton and/or its affiliates is a banking customer of HSBC, notwithstanding its clear and unambiguous payment and other obligations to BHS under the Bill of Sale.

12.

Under the Bill of Sale, two amounts are immediately due and payable, and have been due and payable for some time. First, the Bill of Sale requires HSBC to pay BHS $460,000 "[f]or Mechanical & Electrical Installation," which was "[d]ue upon completion of installation and commissioning." BHS has informed HSBC that installation and commissioning has been completed. BHS invoiced Halton and HSBC for this amount on October 17, 2008. Pursuant to the Bill of Sale, payment was thus due on October 27, 2008. HSBC has refused to make the required payment even though Halton has expressly represented in writing to the Canadian government under penalty of legal sanction (including potentially imprisonment) that the system has been commissioned. Second, the Bill of Sale requires HSBC to pay BHS $523,846.50 "[f]or BHS System," which was due and payable "[u]pon acceptance and completion of performance test not to exceed 45 days from delivery date." BHS has notified HSBC that these amounts are due and payable. Delivery took place on July 23, 2008. Therefore this amount became due and payable on September 6, 2008, which is the date 45 days from the delivery date. The performance test was completed on December 9, 2008, so the latest date on which payment would be due would be December 9, 2008. The performance test must be deemed to have been completed successfully due to breaches by Halton which affected the performance test results.

ARNOLD
GALLAGHER
PERCELL
ROBERTS &
POTTER

A PROFESSIONAL
CORPORATION

800 Willamette
Suite 800
P.O. Box 1758
Eugene, Oregon
97440-1758

541/484-0188

13.

Pursuant to the terms of the Bill of Sale, if either of these amounts is currently due and payable, then the other one is as well, because BHS has exercised its contractual right to accelerate all amounts owed under the Bill of Sale. BHS provided HSBC with the required notice to trigger this acceleration of all unpaid amounts.

14.

HSBC has never disputed that BHS has fully performed under the Bill of Sale and Order Confirmation. Instead, HSBC refuses to pay on the direction of Halton. HSBC continues to falsely claim to BHS that HSBC is acting independently and not on Halton's instructions. BHS repeatedly offered to provide HSBC with whatever additional information HSBC might need, but HSBC has disavowed any willingness or ability to control its own performance under the Bill of Sale, and has thus abdicated its contractual obligations and its duty of good faith and fair dealing.

15.

Prior to BHS and HSBC entering into the Bill of Sale, HSBC assured BHS that HSBC would exercise its own judgment in determining whether payments were due to BHS under the Bill of Sale, and that HSBC would specifically not rely on or permit Halton or its affiliates to control that determination. In determining whether to enter into the Bill of Sale, BHS relied on this representation and assurance by HSBC. That assurance was false when made.

16.

BHS has complied with all of its obligations under the Bill of Sale and Order Confirmation.

17.

HSBC has refused to honor its obligations under the Bill of Sale because it has decided to serve the interests of Halton rather than to comply with its legal obligations under the Bill of Sale. HSBC has an economic incentive to join the scheme against BHS being

ARNOLD
GALLAGHER
PERCELL
ROBERTS &
POTTER

A PROFESSIONAL
CORPORATION

800 Willamette
Suite 800
P.O. Box 1758
Eugene, Oregon
97440-1758

541/484-0188

perpetrated by Halton and its affiliates.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

18.

BHS incorporates by reference paragraphs 1 through 17 above as though fully set forth herein.

19.

HSBC materially breached its obligations under the Bill of Sale, including by (i) failing to make payments when due and payable; (ii) refusing to make a determination as to its obligation to make such payments; and (iii) joining in Halton's fraudulent scheme to avoid paying BHS the amounts properly owed to it.

20.

As a result of said breaches, BHS has been damaged in an amount to be determined at trial, but not less than $983,846.50.

## SECOND CLAIM FOR RELIEF

(Breach of Contract – Breach of the Implied Duty of Good Faith and Fair Dealing)

21.

BHS incorporates by reference paragraphs 1 through 17 above as though fully set forth herein.

22.

An obligation of good faith and fair dealing is an implied term of the Bill of Sale and the Order Confirmation incorporated into the Bill of Sale.

23.

HSBC materially breached its obligations under the implied covenant of good faith and fair dealing and the Bill of Sale, including by (i) failing to make payments when due and payable; (ii) refusing to make a determination as to its obligation to make such payments;

ARNOLD
GALLAGHER
PERCELL
ROBERTS &
POTTER

A PROFESSIONAL
CORPORATION

800 Willamette
Suite 800
P.O. Box 1758
Eugene, Oregon
97440-1758

541/484-0188

(iii) joining in Halton's fraudulent scheme to avoid paying BHS the amounts properly owed to it; (iv) continuing to refuse to pay even though it was informed that its customer Halton either misrepresented the commissioning of the system to the Canadian government or is misrepresenting the commissioning of the system to HSBC; and (v) refusing to pay even after it has been informed that its customer Halton sabotaged the equipment and the system in an attempt to alter its performance and the results of the performance test in an attempt to extort price concessions from BHS.

24.

As a result of said breaches, BHS has been damaged in an amount to be determined at trial, but not less than $983,846.50.

THIRD CLAIM FOR RELIEF

(Fraud)

25.

BHS incorporates by reference paragraphs 1 through 17 above as though fully set forth herein.

26.

HSBC represented to BHS, in order to induce it to enter into the Bill of Sale, that HSBC, not Halton, would make an independent determination of whether payment was due under the Order Confirmation and pursuant to the Bill of Sale.

27.

That representation was false when made. HSBC knew it was false when made.

28.

The representation was material, and BHS justifiably relied upon that representation when entering into the Bill of Sale.

29.

As a result of HSBC's fraud, BHS has been damaged in an amount to be determined

ARNOLD
GALLAGHER
PERCELL
ROBERTS &
POTTER

A PROFESSIONAL
CORPORATION

800 Willamette
Suite 800
P.O. Box 1758
Eugene, Oregon
97440-1758

541/484-0188

at trial, but not less than $983,846.50, and is entitled to punitive damages.

<u>JURY DEMAND</u>

30.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, BHS respectfully demands a trial by jury on all counts so triable.

\*        \*        \*        \*        \*

WHEREFORE, Plaintiff BHS prays for a judgment against Defendant HSBC, as follows:

(a) For a judgment of monetary and compensatory damages in an amount to be proved at trial but of at least $983,846.50, plus interest and late charges as provided in the Bill of Sale, the Order Confirmation and relevant law;

(b) Costs of suit, attorney's fees and other expenses;

(c) Punitive damages in an amount sufficient to deter HSBC and others like HSBC from engaging in similar conduct in the future;

(d) Equitable relief, including a declaration that HSBC cease and desist from its unlawful conspiracy with Halton; and

(e) All other and further relief as this Court may deem just and proper.

DATED this 15 day of April, 2009.

ARNOLD
GALLAGHER
PERCELL
ROBERTS &
POTTER

A PROFESSIONAL
CORPORATION

800 Willamette
Suite 800
P.O. Box 1758
Eugene, Oregon
97440-1758

541/484-0188

ARNOLD GALLAGHER PERCELL
ROBERTS & POTTER, P.C.


/s/ Dennis W. Percell
Dennis W. Percell, OSB #75297
Attorneys for Plaintiff

**COMPLAINT - 8**
N:\A - E\Bulk Handling Systems 15591\Halton Claim 15591-35\Litigation\Pleadings\Complaint.wpd